UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROYLETHA DIXON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-2081 |
| | § | |
| LOCAL EXPRESS, INC., | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Presently before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaim. (Doc. 7). Upon review and consideration of this document, the response thereto (Doc. 13), and the relevant legal authority, the Court hereby ORDERS that this motion is DENIED.

**I. Background**

On July 13, 2016, Plaintiff filed her original complaint alleging Defendant violated the Fair Labor and Standards Act ("FLSA") by failing to pay Plaintiff overtime premiums as required by the FLSA. Doc. 1 at ¶ 37. Defendant filed its Original Answer, Affirmative Defenses, and Counterclaim on September 16, 2016. Doc. 5. In its Counterclaim, Defendant alleges Plaintiff entered into an Independent Contractor Agreement ("the ICA") with Defendant pursuant to which Plaintiff agreed to provide delivery services as an independent contractor for Defendant's customers. *Id*. at 7. Defendant alleges that, pursuant to Paragraph 8 of the ICA, Plaintiff, "agreed to 'indemnify and save harmless' [Defendant] from any claim 'in any matter resulting from or arising out of the operations of Contractor,' including attorney's fees incurred in protecting [Defendant's] interests." *Id*. Thus, Defendant alleges Plaintiff's breach of the ICA entitles Defendant to recover its attorney fees and expenses. On September 20, 2016, Plaintiff

filed her Motion to Dismiss Defendant's Counterclaim, alleging that an employee cannot waive her rights under the FLSA. Doc. 7. Additionally, Plaintiff asserts that Defendant's Counterclaim is barred because it runs counter to the purpose of the FLSA. *Id*.

**II. Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, the obligation to provide the grounds of entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (internal citations and quotations omitted). A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face. *Id*. at 1974. However, a Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F. 2d 1045, 1050 (5th Cir. 1982). Therefore, the complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of the plaintiff's claims, and all factual allegations pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F. 2d 440, 442 (5th Cir. 1986). Nevertheless, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F. 3d 375, 379 (5th Cir. 2003). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F. 3d 1015, 1017 (5th Cir. 1996).

**III. Discussion**

After taking as true all factual allegations pleaded in the Counterclaim, and reviewing the Plaintiff's motion and the response filed thereto, the Court finds that Plaintiff's motion must be denied. The main contention in the motion is that Defendant should be precluded from bringing its Counterclaim for indemnity, because Defendant falls within the definition of "employer," and Plaintiff, "employee", under the FLSA. As such, Plaintiff alleges the Counterclaim is invalid because it is based on a provision in the IC Agreement that constitutes a waiver of rights under the FLSA. Defendant pleads that Plaintiff is an independent contractor and thus there is no waiver of rights under the FLSA, because the FLSA does not apply to independent contractors. The Court finds that it would be inappropriate at this juncture to dismiss the Counterclaim on the aforementioned basis.

Under the FLSA, an "employer" "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An employer must comply with the FLSA's requirements for all workers it "employs," a term defined as "includ[ing] to suffer or permit to work." 29 U.S.C. § 203(g). "The term 'employee' means any individual employed by an employer." 29 U.S.C. § 203(e)(1). However, independent contractors do not receive the same FLSA protections as employees. *See Thibault v. Bellsouth Telecommunications, Inc.*, 612 F.3d 843, 845 (5th Cir. 2010); *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 342 (5th Cir. 2008). Determining whether a person is an employee or an independent contractor is ultimately a question of law, "whereas the district court's 'subsidiary findings are of fact.'" *Dalheim v. KDFW-TV*, 918 F. 2d 1220, 1225–26 (5th Cir. 1990) (quoting *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F. 2d 1317, 1327 (5th Cir. 1985)).

Because the district court's subsidiary findings in determining employee status are a fact

intensive inquiry, a motion to dismiss is not appropriate at this stage in the litigation. The Court cannot make factual determinations at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 696, 129 S. Ct. 1937, 1959, 173 L. Ed. 2d. 868 (2009). In fact, it is clear that at the 12(b)(6) stage "a court must take the allegations as true, no matter how skeptical the court may be." *Id*. Thus, "a court must proceed 'on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Twombly*, 550 U.S. at 545). Accordingly, the Court finds that it would be premature to dismiss the Defendant's Counterclaim, as the Court cannot adequately ascertain whether the Defendant is an "employer," and the Plaintiff an "employee" as those terms are defined under the FLSA.

**IV. Conclusion**

Accordingly, the Court hereby ORDERS that Plaintiff's Motion to Dismiss (Doc. 7) is DENIED.

SIGNED at Houston, Texas, this 26th day of June, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE